IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL LAIT, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) ) |
| MEDICAL DATA SYSTEMS, INC., d/b/a MEDICAL REVENUE SERVICE, INC. | ) ) ) |
| Defendant. | ) ) ) |

CIVIL ACTION NO.
1:17-cv-00378-WC

## MEDICAL DATA SYSTEMS, INC.'S MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Alan D. Leeth (LEE038)
Ryan J. Hebson (HEB003)

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
aleeth@burr.com
rhebson@burr.com

Attorneys for Defendant
MEDICAL DATA SYSTEMS, INC.

29888065 v1

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND.......................................................................................... 1

III. ARGUMENT AND CITATION OF AUTHORITY ...................................................... 2

    A. Legal Standard ................................................................................................... 2

    B. Plaintiff has failed to state a valid claim against MDS under the FDCPA............... 3

    C. MDS's September 27, 2016 letter was not required to include the specific term "creditor" to comply with section 1692g(a)(2)........................................................ 5

IV. CONCLUSION ............................................................................................................ 10

## **MEDICAL DATA SYSTEMS, INC.'S MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Pursuant to Fed. R. Civ. P. 8 and 12(b), defendant Medical Data Systems, Inc., d/b/a Medial Revenue Service ("MDS"), by and through its undersigned counsel, hereby submits its Motion to Dismiss Complaint filed by plaintiff Michael Lait (the "Plaintiff"). In support of its Motion to Dismiss, MDS respectfully states as follows:

### **I. INTRODUCTION**

In his Complaint (ECF No. 1) against MDS, Plaintiff purports to assert a single cause of action against MDS based on the alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA"). Yet, at the core of this claim is the patently false legal assumption that in identifying the hospital to which Plaintiff allegedly owes the $412.00 medical debt at issue in this case, MDS was required to include the specific term "creditor" to comply with section 1692g(a)(2) of the FDCPA (as opposed to what the statute actually requires, i.e. "the name of the creditor").

As shown below, Plaintiff's claim is without merit. Nothing in the FDCPA required MDS to use the specific term "creditor" when identifying the hospital to which Plaintiff owed the medical debt. Instead, section 1692g(a)(2) required only that MDS provide him with "the name of the creditor," which MDS undoubtedly satisfied. For this simple reason, Plaintiff's claims should be dismissed, with prejudice.

### **II. FACTUAL BACKGROUND**

The salient facts at issue are straightforward and, for purposes of this Motion to Dismiss, undisputed.[1] Plaintiff filed suit against MDS on June 12, 2017. (*See* Complaint, ECF No. 1).

---

[1] MDS does not dispute Plaintiff's factual allegations at this stage solely for the purpose of this Rule 12(b)(6) Motion to Dismiss. However, MDS reserves its right to dispute Plaintiff's factual allegations should any claim survive dismissal.

29888065 v1

The single claim that Plaintiff asserts in his Complaint against MDS relates to a $412.00 medical debt that Plaintiff alleges that, "[i]n connection with the collection of the Debt, [MDS] sent Plaintiff a letter dated September 27, 2016, . . . [which] was [MDS's] initial communication with Plaintiff with respect to the debt." (*See* Complaint ¶¶ 22 & 24). Plaintiff alleges that "[MDS's] September 27, 2016 letter failed to convey the identity of the current creditor to whom the Debt is owed as required by 15 U.S.C. § 1692g(a)(2)." (*See* Complaint ¶ 26).

However, the September 27, 2016 letter identified the account number ("xxx0138"), the service date ("07/1/2015"), the balance owed ("$412.00"), and the patient name ("Lait, Michael H.") for the medical debt, and specified that the medical debt was owed to "Medical Center Enterprise" (i.e. the hospital in which Plaintiff incurred the debt).[2] Plaintiff alleges that the September 27, 2016 letter "fails to effectively convey the name of the creditor to whom the Debt is owed." (*See id.* ¶ 29; *see also* September 27, 2016 letter, attached as Exhibit A to Complaint). By not including the specific term "creditor" in the September 27, 2016 letter, Plaintiff submits that "[MDS] violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey the name of the creditor to whom the debt is owed." (*See* Complaint ¶ 34).

### III. ARGUMENT AND CITATION OF AUTHORITY

#### A.   Legal Standard

Under Fed. R. Civ. P. 12(b)(6), the Court should dismiss Plaintiff's claims if, accepting the allegations as true, they fail to state facts that support relief. The primary purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of the complaint against the legal standard set forth in Rule 8," which requires "'a short and plain statement of the claim showing that the pleader is

---

[2] There is no dispute in this case that Plaintiff incurred the medical debt with Medical Center Enterprise. In fact, when first identifying the debt in his Complaint, Plaintiff specifically refers to it as an "obligation . . . incurred primarily for personal, family, or household purposes – namely, personal medical services from Enterprise Medical Center." (Complaint ¶ 21).

2

29888065 v1

entitled to relief.'" *Acosta v. Campbell*, 309 F. App'x 315, 317 (11th Cir. 2009) (citation omitted). Notably, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989) ("[The] procedure [under Rule 12(b)(6)], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and factfinding.").

In reviewing a complaint, the Court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 556-57, 570). Stated differently, the pleading must provide "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**B.     Plaintiff has failed to state a valid claim against MDS under the FDCPA.**

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Thus, the FDCPA is best used to "challeng[e] clear violations rather than scanning for technical missteps that bring minimal relief to the individual debtor but a possible windfall for the attorney." *Bailey v. Security National Servicing Corp.*, 154 F.3d 384, 388 (7th Cir. 1998). As a result, "[w]hether a debt collector's conduct violates sections 1692e and 1692g of the FDCPA requires an objective analysis." *Campbell v. Am. Recovery Servs. Inc.*, No. 2:15-cv-9079, 2016 WL 3219866, at *2 (C.D. Cal. June 8, 2016) (citing *Gonzales v. Arrow Fin. Servs., Inc.*, 660 F.3d 1055, 1061 (9th Cir. 2011)).

3

While the "least sophisticated debtor" standard is in part designed to protect consumers, it "'also protects law-abiding debt collectors' in several important ways." *Scheuer v. Jefferson Capital Sys., LLC*, 43 F. Supp. 3d 772, 780 (E.D. Mich. 2014) (quoting *Sanford v. Portfolio Recovery Assoc., LLC*, No. 1:12-cv-11526, 2013 WL 3798285, at *7 (E.D. Mich. July 22, 2013)). In particular, the Eleventh Circuit has made clear that "[t]he least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1303 (11th Cir. 2014) (quoting *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010)). The Eleventh Circuit also recognizes that the "test has an objective component" that "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." *Id.*; *see also Decarlo v. Law Office of Charles W. McKinnon*, No. 2:13-cv-14324, 2014 WL 12214345, at *3 (S.D. Fla. July 31, 2014) ("The least-sophisticated-consumer standard has been interpreted in a way that 'protects debt collectors against liability for unreasonable misinterpretations of collection notices.'" (quoting *Rivera v. Amalgamated Debt Collection Servs., Inc.*, 462 F. Supp. 2d 1223, 1227 (S.D. Fla. 2006)). "Stated differently, [courts] 'will not 'countenance lawsuits based on frivolous misinterpretations or nonsensical interpretations of being led astray.'" *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009); *see also Martin v. Trott Law, P.C.*, No. 2:15-cv-12838, 2016 WL 3997029, at *6 (E.D. Mich. July 26, 2016) ("'[D]unning letters that appear misleading only by way of 'bizarre,' 'idiosyncratic,' or 'nonsensical' readings do not violate the Act.'" (quoting *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 396 (6th Cir. 2015))).

In addition, the "least sophisticated debtor" standard also "protects debt collectors from liability where their statements could mislead *only* the most sophisticated reader and would not

deceive a reader of ordinary or lesser sophistication." *See Scheuer*, 43 F. Supp. 3d at 780. "[T]he standard precludes FDCPA liability for a communication that could deceive only 'a lawyer clos[ely] parsing [it] like a municipal bond offering.'" *Id.* (quoting *Miller*, 561 F.3d at 595). Accordingly, "'when applying the least sophisticated debtor standard, a court does not read the subject collection notice 'with the astuteness of a Philadelphia lawyer,' but instead the court 'give[s] it a common sense appraisal.'" *Id.* (quoting *Miller*, 561 F.3d at 595); *see also White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000) (Posner, J.) ("Any document can be misread. The Act is not violated by a dunning letter that is susceptible of an ingenious misreading, for then every dunning letter would violate it. The Act protects the unsophisticated debtor, but not the irrational one.") (citation omitted); *Lindley v. TRS Recovery Assocs., Inc.*, No. 2:12-cv-109, 2012 WL 6201175, at *2 (S.D. Tex. Dec. 12, 2012) ("The FDCPA does not protect consumers who intentionally distort communications or make irrational claims." (citing *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 669 (5th Cir. 2012))).

Here, Plaintiff alleges that MDS's September 27, 2016 letter violated section 1692g(a) of the FDCPA. As shown below, this claim is entirely without merit.

### C. MDS's September 27, 2016 letter was not required to include the specific term "creditor" to comply with section 1692g(a)(2).

Section 1692g(a) of the FDCPA provides in pertinent part that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing . . . (2) the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a). According to Plaintiff's Complaint, MDS violated section 1692g(a)(2) because its September 27, 2016 letter did not include the specific term "creditor" on the letter, but instead referred to Medical Center

Enterprise (the creditor where Plaintiff incurred the $412.00 medical debt) as the "Facility Name." (*See* Complaint ¶¶ 26-29). This is exactly the kind of "bizarre or idiosyncratic interpretations of collection notices," that the Eleventh Circuit was referring to in *Caceres* and the other cases cited above. *See supra* Part III.B. Indeed, given a "common sense appraisal" and "quotient of reasonableness," nothing about the September 26, 2016 letter's reference to "Facility" rather than "Creditor" is confusing, and Plaintiff simply has not, and cannot, show rationally otherwise.

First and foremost, section 1692g(a)(2) of the FDCPA imposes absolutely no requirement to use the specific term "creditor" when sending validation notices. Rather, the plain language of the statute requires in pertinent part only that a debt collector "send the consumer a written notice containing . . . ***the name*** of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2) (emphasis added). Thus, it is the "name" of the creditor, not the term "creditor" itself, which must be provided. As a result, Plaintiff's claim is, at its core, scarcely more than an improper attempt to re-write section 1692g(a)(2) so as to "add words" and "read requirements" into the statute that are simply not there, a tactic that courts have long condemned. *See U.S. ex rel. Heineman-Guta v. Guidant Corp.*, 718 F.3d 28, 35 (1st Cir. 2013) (explaining that courts "will not ordinarily read requirements into a statute that 'do not appear on its face.'" (quoting *Dean v. United States*, 556 U.S. 568, 572 (2009); *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 624-25 (7th Cir. 2013) ("A court has 'no right, in the guise of construction of an act, to either add words to or eliminate words from the language used by congress.'") (citation omitted).

Second, despite Plaintiff's conclusory (and irrational) allegations to the contrary, it also cannot be disputed that the September 26, 2016 letter identifies "Medical Center Enterprise" as the hospital "to whom [Plaintiff's $412.00 medical] debt is owed," and thus, is the "name of the

creditor" for purposes of section 1692g(a)(2). (*See* July 29, 2015 Letter, attached to Complaint as Exhibit A); *see also* 15 U.S.C. § 1692a(4) (defining "creditor" in relevant part as "any person . . . to whom a debt is owed"). Indeed, as numerous courts have recognized, the omission of the term "creditor" is irrelevant for purposes of section 1692g(a)(2) when, in context, there is no reasonable confusion with respect "to whom" the particular debt at issue "is owed." For example, in *Wright v. Phillips & Cohen Associates, Ltd.*, the Eastern District of New York addressed a strikingly similar section 1692g(a)(2) claim and, upon finding that the name of the plaintiff's creditor was "clearly indicated" in the letter at issue despite no reference to the specific term "creditor," summarily dismissed it:

> Defendant's July 6, 2012 letter to Plaintiff in no way "suggest[s] that the creditor is someone other than" PAG. Moreover, the least sophisticated consumer would not be uncertain as to his rights after reading Defendant's July 6, 2012 letter. It is undisputed that the letter does, in fact, contain the name of the creditor to whom Plaintiff owes his debt, PAG. Although Defendant included the name of the current creditor, PAG, next to the label "Client," rather than explicitly stating that PAG is the current creditor, any confusion such a label may have caused was alleviated by Defendant's plain statement that the debt Defendant intended to collect was "on behalf of our above referenced client," i.e., PAG. The least sophisticated consumer would have known, after reading the entirety of the letter, that Defendant sought to collect a debt on behalf of PAG, and that PAG was, therefore, the current creditor to whom he owed his debt. Plaintiff's claim pursuant to 15 U.S.C. § 1692g(a)(2) is therefore dismissed.

No. 2:12-cv-4281, 2014 WL 4471396, at *5 (E.D.N.Y. Sept. 10, 2014) (internal citations omitted); *see also Santibanez v. Nat'l Credit Sys., Inc.*, No. 6:16-cv-81, 2017 WL 126111, at *3 (D. Or. Jan. 12, 2017) ("Here, the subject line contains a single name (EMC's) and a single account number. That strongly suggests EMC is the creditor. Second, the letter here indicates that the account has been 'placed' with defendant 'for collection' and further states defendant 'has been authorized to recover this debt[.]' . . . Although it would have been better if the letter had expressly identified EMC as the 'creditor' or 'owner' of the debt, the least sophisticated consumer would understand based on the letter that EMC was the creditor.") (internal citation

7

omitted); *Hammett v. AllianceOne Receivables Mgmt., Inc.*, No. 2:11-cv-3172, 2011 WL 3819848, at *4 (E.D. Pa. Aug. 30, 2011) ("Plaintiff responds that the Letter's sole reference to the original creditor was a line at the top of the page that read: 'Client: PNC Bank.' According to Plaintiff, this identification was misleading because the words 'client' and 'creditor' are not interchangeable, and because Defendant failed to provide PNC Bank's full corporate name. . . . Defendant replies that when the Letter is read in its entirety — including the reference to Plaintiff's account number — even the least sophisticated debtor would understand that the creditor was PNC Bank. . . . While the language chosen by Defendant to identify the creditor could have been more precise, the Court finds that it[] does not rise to the level of being false, deceptive, or misleading under the FDCPA.") (internal citations omitted); *see also Lindley v. TRS Recovery Assocs., Inc.*, No. 2:12-cv-109, 2012 WL 6201175, at *1-3 (S.D. Tex. Dec. 12, 2012) (finding that "'customer' is similarly equivalent to 'creditor' in the context of the subject letter," and that the plaintiff's section 1692g(a)(2) claim therefore failed as a matter of law).[3]

In this case, as in *Wright*, MDS's September 27, 2016 letter in no way suggests that the creditor of Plaintiff's $412.00 medical debt is someone other than Medical Center Enterprise. To

---

[3] *See also, e.g., Davis v. Lyons, Doughty & Veldhuis, P.A.*, 855 F. Supp. 2d 279, 284-85 (D. Del. 2012) ("The FDCPA requires an initial disclosure to state: 'upon the consumer's written request within the thirty-day period the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.' Debt collectors must also identify the current creditor for whom they are working. . . . Defendant's letter stated 'this office represents Midland Funding LLC in connection with your account.' This language is not deceptive. . . . [A]lthough the 'least sophisticated debtor standard is low, the court should not find debt collectors liable for bizarre or idiosyncratic interpretations of collection notices.' . . . The Defendant was required to identify the current creditor and notify the debtor that it would provide the name of the original creditor upon request. The Defendant's letter met both of these requirements. The Court grants Defendant's motion to dismiss . . . .") (citations omitted); *cf. Hye Park v. Shapiro & Swertfeger, LLP*, No. 1:12-cv-1132, 2013 WL 603880, at *4 (N.D. Ga. Jan. 9, 2013) (determining for purposes of motion to dismiss that based on the context of the letters at issue, the court would interpret them as "implying that Wells Fargo is the 'creditor' even though that specific term is not used"), *adopted by* 2013 WL 603882 (N.D. Ga. Feb. 19, 2013).

8

the contrary, "Medical Center Enterprise" is plainly identified as the hospital in which the "Account" (i.e., debt) numbered xxx0138 was incurred by "Lait, Michael H" (the "Patient Name") on "07/14/2015" (the "Service Date"), and for which a "$412.00" ("Balance") remains. (*See* September 27, 2016 Letter, attached to Complaint as Exhibit A). Moreover, the September 27, 2016 letter specifically clarifies that "Medical Revenue Service is a collection agency" and (as in *Santibanez*) states that the "account(s) indicated below [i.e. Account # xxx0138, incurred with Medical Center Enterprise] has been placed with our office for collection," thereby answering any question (and alleviating any potential confusion) as to the relationship between Medical Center Enterprise and MDS, and MDS's role as the debt collector for the $412.00 medical debt that Plaintiff incurred with Medical Center Enterprise.[4]

In addition, other express language in the September 27, 2016 letter also makes it clear that Medical Center Enterprise is the creditor to whom Plaintiff's $412.00 medical debt is owed. Specifically, below the account information, the September 27, 2016 letter states that "[y]ou may be eligible for financial assistance under the terms and conditions the ***hospital*** offers to qualified patients. For addition information, contact the ***hospital*** financial assistance representative." (*See* September 27, 2016 letter attached to Complaint as Exhibit A) (emphasis added).

Simply put, no "common sense appraisal" of the September 27, 2016 letter under the "least sophisticated consumer" standard could lead to any rational interpretation other than Plaintiff's $412.00 medical debt was incurred at and thus "is owed" to "Medical Center Enterprise," which is exactly how the FDCPA defines the term "creditor," *see* 15 U.S.C. § 1692a(4), and how the term "is commonly understood," *see Scheuer v. Jefferson Capital Sys., LLC*, 43 F. Supp. 3d 772, 781 (E.D. Mich. 2014) ("The term 'creditor' is commonly understood

---

[4] Again, Plaintiff even specifically alleges that the medical debt was incurred with the hospital. (*See* Complaint ¶ 21).

to mean 'one to whom a debt is owed.'") (citation omitted).  Plaintiff's reading of the September 27, 2016 letter is therefore nothing more than a red herring, a "bizarre or idiosyncratic interpretation[]" of the letter out of context that could deceive only "a lawyer clos[ely] parsing [it] like a municipal bond offering." *See Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1303 (11th Cir. 2014) (citations omitted); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009) (citation omitted).  Again, the FDCPA protects "the unsophisticated debtor, but not the irrational one."  *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000) (Posner, J.).  Accordingly, Plaintiff's section 1692g(a)(2) claim is due to be dismissed, with prejudice.

## IV. <u>CONCLUSION</u>

For all of these reasons, MDS respectfully requests that this Court grant its Motion to Dismiss and dismiss Plaintiff's Complaint, with prejudice.

Respectfully submitted this 5th day of July, 2017.

                                        */s/ Alan D. Leeth*
                                        Alan D. Leeth (LEE038)
                                        Ryan J. Hebson (HEB003)

                                        BURR & FORMAN LLP
                                        420 North 20th Street, Suite 3400
                                        Birmingham, Alabama  35203
                                        Telephone: (205) 251-3000
                                        Facsimile: (205) 458-5100
                                        aleeth@burr.com
                                        rhebson@burr.com

                                        Attorneys for Defendant
                                        MEDICAL DATA SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served on the following by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, on this the 5th day of July, 2017:

> Curtis R. Hussey
> Hussey Law Firm, LLC
> 10 N. Section Street, No. 122
> Fairhope, Alabama 36532-1896
> Telephone: (251) 928-1423
> chussey@consumerlawinfo.com

*/s/ Alan D. Leeth*
Of Counsel