IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL LAIT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 1:17cv378-WKW-WC |
| | ) |
| MEDICAL DATA SYSTEMS, INC., | ) |
| d/b/a MEDICAL REVENUE SERVICES, | ) |
| INC., | ) |
| | ) |
| Defendant. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 12, 2017, Plaintiff filed a complaint against Defendant alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(a)(2), for failing to convey the identity of Plaintiff's current creditor in a debt collection letter dated September 27, 2016. Doc. 1 at 6. Defendant filed a Motion to Dismiss (Doc. 6) Plaintiff's complaint, which is pending before the court. The undersigned entered an Order (Doc. 9) directing Plaintiff to show cause, if any there be, why the motion should not be granted. Plaintiff responded (Doc. 11), and Defendant replied (Doc. 12). As the matter is fully briefed, it is ripe for recommendation to the United States District Judge.[1] For the reasons that follow, the undersigned RECOMMENDS that Defendant's Motion to Dismiss (Doc. 6) be DENIED.

---

[1] On September 5, 2017, the United States District Judge referred this case to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." Doc. 14.

### I. Motion to Dismiss Standard

To survive a Rule 12(b)(6) motion, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). When considering a Rule 12(b)(6) motion to dismiss, a court accepts the nonmovant's allegations as true, *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984), and construes the pleading in the nonmovant's favor, *Duke v. Cleland,* 5 F.3d 1399, 1402 (11th Cir. 1993).

In analyzing the sufficiency of the pleading, the court is guided by a two-prong approach: (1) the court is not bound to accept conclusory statements of the elements of a cause of action, and (2) where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 663-64 (2009). "[A nonmovant's] obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). While a pleading need not contain "detailed factual allegations," it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Indeed, "[p]leadings must be something more than an ingenious academic exercise in the conceivable[,]" *Jackson v. BellSouth Telecomm.,* 372 F.3d 1250, 1271 (11th Cir. 2004), and "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory[,]" *Twombly,* 550

U.S. at 562 (citing *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)).

Although a court ordinarily cannot consider matters outside the pleadings when evaluating a motion to dismiss under Rule 12(b)(6), when a plaintiff has referred to documents in the complaint and such documents are central to a claim and undisputed, the court may consider those documents as part of the pleadings and evaluate them for purposes of the motion to dismiss. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) ("[The Eleventh Circuit's] Rule 12(b)(6) decisions have adopted the 'incorporation by reference' doctrine[,] under which a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed[.] 'Undisputed' in this context means that the authenticity of the document is not challenged[.]") (internal citations omitted).

## II.    Introduction

The FDCPA requires, *inter alia*, debt collectors to provide certain disclosures to consumers regarding their alleged debts, including the name of the consumer's current creditor. 15 U.S.C. § 1692g; § 1692g(a)(2). In order to state a claim under the FDCPA, a plaintiff must allege sufficient facts to show: (1) that the plaintiff is a consumer within the meaning of the statute; (2) that the defendant is a debt collector as defined in the statute; (3) that the debt collector engaged in some act prohibited by the FDCPA or failed to disclose information required by the FDCPA; and (4) that the activity or lack of disclosure

occurred during an attempt to collect on a consumer debt. *Hye Park v. Shapiro & Swertfeger, LLP*, Civil Action No. 1:12-CV-1132-TWT-JSA, 2013 WL 603880, at *3 (N.D. Ga. Jan. 9, 2013). Whether a debt collector has violated the FDCPA's disclosure requirements is evaluated from the perspective of the "least sophisticated consumer." *Prescott v. Seterus, Inc.*, 635 F. App'x 640, 644 (11th Cir. 2015).

Plaintiff's complaint alleges Plaintiff is a consumer; Defendant is a debt collector who attempted to collect a debt from Plaintiff; and that Plaintiff's alleged debt arose from personal medical services he received at Medical Center Enterprise ("MCE"). Doc. 1 at 4-5, ¶¶ 15-19. In the process of attempting to collect that debt, Defendant sent Plaintiff a letter, dated September 27, 2016, the relevant content of which is provided below.[2] *Id.* at 6; Doc. 1-1. The letter was Defendant's initial communication with Plaintiff regarding the debt. *Id.* at 5-6.

---

MEDICAL REVENUE SERVICE
P.O. BOX 938
VERO BEACH, FL 32961

09/27/2016

Medical Revenue Service is a collection agency. The account(s) indicated below has been placed with our office for collection.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the

---

[2] Plaintiff attached the letter to his complaint. The contents of the letter are central to Plaintiff's claim, and Defendant has not disputed the letter's authenticity. Thus, for purposes of the motion to dismiss, the undersigned may consider the letter without converting the motion to one for summary judgment. *See Brooks*, 116 F.3d at 1369.

validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please make your check or money order Payable to Medical Revenue Service. In order to assure proper credit to your account, include the reference number with your payment. We also accept credit card and "check by telephone" payments for your convenience. If you have any questions, you may contact one of our account representatives at the toll-free telephone number listed on this letter.

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**
**This communication is from a debt collector.**

| Account # | Facility Name | Service Date | Balance | Patient Name |
|---|---|---|---|---|
| ***0138 | Medical Center Enterprise | 07/14/2015 | $412.00 | Lait, Michael H |

You may be eligible for financial assistance under the terms and conditions the hospital offers to qualified patients. For additional information, contact the hospital financial assistance representative[.]

Doc. 1-1.

Plaintiff asserts that Defendant's letter "fail[s] to convey the identity of the current creditor to whom [Plaintiff's] Debt is owed as required under 15 U.S.C. § 1692g(a)(2)."[3] Doc. 1 at 6, ¶ 26. Plaintiff also asserts that his current creditor, although not specified if

---

[3] Fifteen U.S.C. § 1692g(a)(2) states:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> . . .
>     (2) the name of the creditor to whom the debt is owed[.]

5

known, is not Defendant. *Id*. at 5, ¶ 20 ("Plaintiff is . . . obligated . . . to pay a debt owed . . . to a creditor other than Defendant.").

Defendant contends Plaintiff fails to state a claim under the FDCPA because the September 27th letter complies with the disclosure requirements of § 1692g(a)(2) by providing Plaintiff notice of the identity of Plaintiff's creditor—MCE—despite the fact that the term "creditor" is never used in the letter. *Id*. at 5-6. Defendant asserts that although the letter identifies MCE as the "facility name" instead of the "creditor," such a distinction is irrelevant as "numerous courts have recognized" when, in the context of reading a collection letter as a whole, "there is no reasonable confusion with respect 'to whom' the particular debt at issue 'is owed.'" *Id*. at 7. Because Defendant contends that the letter eliminates any reasonable confusion as to whom the debt is owed, Defendant argues that the letter complies with the FDCPA, and that Plaintiff's complaint should be dismissed. *Id*. at 5-7.

**III.    Discussion**

Defendant does not contest whether Plaintiff has alleged sufficient facts regarding Defendant's role as a debt collector, its involvement with debt collection activity, or that the debt is consumer debt, as required to state a claim for an FDCPA violation. *See generally* Doc. 6. Rather, Defendant's dispute centers on whether Plaintiff has alleged facts to show that Defendant failed to effectively disclose the identity of Plaintiff's current creditor within the September 27th letter. *See generally* Doc. 1. Accordingly, for purposes of this recommendation, the undersigned will presume that Plaintiff has sufficiently alleged the other essential elements of an FDCPA claim, and will address only whether Plaintiff

has provided sufficient facts, assumed true and considered in the light most favorable to Plaintiff, regarding Defendant's failure to properly disclose Plaintiff's creditor. If Plaintiff has provided facts sufficient to state a plausible claim under § 1692g(a)(2), Defendant's motion to dismiss must be denied.

Clearly, the September 27th letter, which was attached to Plaintiff's complaint, does not explicitly identify Plaintiff's current creditor. *See* Doc. 1-1. Indeed, the word "creditor" is absent from the letter in its entirety. This fact alone could arguably support denial of Defendant's motion to dismiss as such a fact plausibly suggests a failure to provide disclosure of Plaintiff's creditor as required under § 1692g(a)(2). However, in addition to this fact, Plaintiff's claim is made more plausible by the fact that the letter does not expressly disclose the relationship between Defendant and the only other named entity in the letter—MCE. For example, the letter does not state that Defendant is MCE's agent, nor does it state Defendant is working "on behalf of" MCE. Similarly, the letter does not identify a relationship between Defendant and another creditor other than MCE, if any, who could potentially hold Plaintiff's current debt. Thus, construing those facts in the light most favorable to Plaintiff, it is plausible that Defendant has failed to effectively disclose the identity of Plaintiff's creditor, either explicitly or implicitly, under § 1692g(a)(2).[4] *See Daitz v. Int'l Recovery Assoc., Inc.*, 15-CV-3549(ADS)(AKT), 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016) (denying a motion to dismiss a claim under § 1692g(a)(2) where

---

[4] To be sure, Defendant argues that the language in the letter is sufficient to satisfy the disclosure requirements under § 1692g(a)(2). Such an argument goes to the merits of Plaintiff's claim, not the sufficiency of Plaintiff's pleadings.

a collection letter did not explicitly name the plaintiff's current creditor or specify who the defendant represented); *Dewees v. Legal Serv., LLC*, 506 F. Supp. 2d 128, 133 (E.D.N.Y. 2007) (denying a motion to dismiss a claim under § 1692g(a)(2) where the collection letter explicitly identified the original creditor who "sold" the debt but did not identify to whom the original creditor sold the debt or who owned the debt at the time the letter was sent); *Devito v. Zucker, Goldberg & Ackerman, LLC*, 908 F. Supp. 2d 564, 570 (D.N.J. 2012) (denying a motion to dismiss a claim under § 1692g(a)(2) where the collection letter provided unique identifying information regarding the plaintiff's loan but failed, on its face, to provide the creditor's name); *Eun Joo Lee v. Forster & Garbus, LLP*, 926 F. Supp. 2d 482, 487 (E.D.N.Y. 2013) (denying a motion to dismiss a claim under § 1692g(a)(2) where a collection letter mentioned the name of the current creditor twice but failed to "clearly and effectively convey its role in connection with the debt"); *but see Daly v. Capital Mgmt. Serv., LP*, No. 15-CV-364-JTC, 2015 WL 4662759, at *3-4 (W.D.N.Y. Aug. 6, 2015) (granting a motion to dismiss a § 1692g(a)(2) claim where a collection letter stated "CURRENT CREDITOR: DEPARTMENT STORES NATIONAL BANK" despite additional information in the letter that arguably contradicted that statement); *Romano v. Schachter Protnoy, L.L.C.*, 17-CV-1014(ARR)(CLP), 2017 WL 2804930, at *2 (E.D.N.Y. 2017) (granting a motion to dismiss a claim under § 1692g(a)(2) where the collection letter made clear that the defendant was a debt collector and further stated that the defendant "has been retained by the above-named client [who was the current creditor] to collect the amount due"); *Wright v. Phillips & Cohen Assoc., Ltd.*, No. 12 CV 4281(DRH)(GRB), 2014 WL 4471396, at *4-5 (E.D.N.Y. Sept. 9, 2014) (granting a motion to dismiss a claim

under § 1692g(a)(2) where the collection letter identified the current creditor as "client" but stated that the debt the defendant sought to collect was "on behalf of our above referenced client").

Accordingly, for the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Defendant's Motion to Dismiss (Doc. 6) be DENIED and that this matter be referred back to the undersigned for further proceedings. Further, it is

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before January 2, 2018**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 19th day of December, 2017.

        /s/ Wallace Capel, Jr.
        CHIEF UNITED STATES MAGISTRATE JUDGE