IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL LAIT,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL DATA SYSTEMS, INC., d/b/a MEDICAL REVENUE SERVICES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:17-CV-378-WKW<br>[WO] |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Michael Lait brings this action to recover statutory damages for an alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692a *et seq*., by Defendant Medical Data Systems, Inc. ("MDS"). MDS moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. # 6.) Before the court is the Recommendation of the Magistrate Judge. (Doc. # 15.) Upon an independent review of the record and a *de novo* determination of the issues upon which MDS has timely objected (Doc. # 16), the court finds that the Magistrate Judge's Recommendation is due to be rejected.

## I. JURISDICTION AND VENUE

The court has subject-matter jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. The parties do not contest personal jurisdiction or venue.

## II. STANDARD OF REVIEW

A district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," and makes a *de novo* determination of those portions of the report to which objection is made. 18 U. S. C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss, courts "must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." *Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087, 1089 (11th Cir. 2005) (citation omitted). To survive Rule 12(b)(6) scrutiny, however, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 570 (2007)). If there are "enough fact[s] to raise a reasonable expectation that discovery will reveal

evidence" to support the claim, there are "plausible" grounds for recovery, and a motion to dismiss should be denied. *Twombly*, 550 U. S. at 556.

"[A] document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed. 'Undisputed' in this context means that the authenticity of the document is not challenged." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (citations omitted).

## III. BACKGROUND

The facts of this case are undisputed. On September 27, 2016, MDS sent Mr. Lait the following letter:

---

MEDICAL REVENUE SERVICE
P.O. BOX 938
VERO BEACH, FL 32691

09/27/2016

Medical Revenue Service is a collection agency. The account(s) indicated below has been placed with our office for collection.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please make your check or money order Payable to Medical Revenue Service. In order to assure proper credit to your account, include the reference number with your payment. We also accept credit card and "check by telephone" payments for your convenience. If you have any questions,

you may contact one of our account representatives at the toll-free telephone number listed on this letter.

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**
**This communication is from a debt collector.**

| Account # | Facility Name | Service Date | Balance | Patient Name |
|---|---|---|---|---|
| ***0138 | Medical Center Enterprise | 07/14/2015 | $412.00 | Lait, Michael H |
| | | **TOTAL AMOUNT DUE: $412.00** | | |

You may be eligible for financial assistance under the terms and conditions the hospital offers to qualified patients. For additional information, contact the hospital financial assistance representative. Our hours of operation are 8:00AM-8:00PM Monday-Thursday Eastern Standard Time and 8AM-5PM EST Friday. Nuestro horario de atencion es de 8:00AM-8:00PM Lunes-Juevess Hora Estandar del Este. 8AM-5M Viernes.

---

(Doc. # 1-1, at 2.)[1]

The parties agree that, under the FDCPA, 15 U.S.C. §§ 1692a *et seq*., and in relation to each other, Mr. Lait is a "consumer," MDS (also known as "Medical Revenue Service") is a "debt collector," and Medical Center Enterprise is a "creditor." *See* 15 U.S.C. § 1692a(3) ("The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt."); *id.* § 1692a(6) ("The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.");

[1] This letter, attached as "Exhibit A" to Mr. Lait's Complaint (Doc. # 1-1), is central to Mr. Lait's claim and undisputed. Accordingly, the court will consider the letter without converting MDS's motion to one for summary judgment. *See Horsley*, 304 F.3d at 1134.

*id.* § 1692a(4) ("The term 'creditor' means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.").

What the parties dispute is whether the letter conforms to the requirements of 15 U.S.C. § 1692g(a). That provision requires that a debt collector provide the debtor "the name of the creditor to whom the debt is owed." *Id.* § 1692g(a)(2). Mr. Lait contends MDS failed to effectively convey the name of Mr. Lait's creditor and brings a claim for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A). (Doc. # 1, at 6–7.) MDS moves to dismiss for failure to state a claim upon which relief can be granted. (Doc. # 6.) The Magistrate Judge recommends denying that motion (Doc. # 15), and MDS has timely objected (Doc. # 16).

## IV. DISCUSSION

"The FDCPA limits what is acceptable in attempting debt collection." *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1240 (11th Cir. 2012). It does this by regulating debt collectors and equipping consumers with a private right of action to enforce the statute's prohibitions. *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1257–58 (11th Cir. 2014). One regulation the FDCPA imposes is to the content of communications between debt collectors and consumers. Section 1692g(a) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

Although the Eleventh Circuit has not definitively ruled on the standard to use when reviewing whether a debt collector has violated this provision, it has held that the "least-sophisticated-consumer" standard applies to claims under other sections of the FDCPA. *See Crawford*, 758 F.3d at 1258–59. The court has also noted in dictum in an unpublished opinion that it "see[s] no reason to disagree with the[] other circuits" that have applied this standard to claims under § 1692g, and it then assumed that the standard applied in a case where the parties had done the same. *Leonard v. Zwicker & Assocs., P.C.*, — F. App'x —, No. 17-10174, 2017

WL 4979160, at *2 n.2 (11th Cir. Nov. 1. 2017).[2] Because both parties here agree the standard applies, the court will make that assumption as well. (Doc. # 6, at 4; Doc. # 11, at 3.) Accordingly, the question before the court is not whether Mr. Lait was himself confused by the letter from MDS, but whether the hypothetical least sophisticated consumer would be.

The least-sophisticated-consumer standard accounts for Congress's intent that the FDCPA "was not made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking, and the credulous." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 (11th Cir. 1985) (internal quotation marks and citations omitted). The least sophisticated consumer "can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). Importantly, "the test has an objective component[,] in that '[w]hile protecting naïve consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness.'" *Id.* (second alteration in original)

[2] Eleventh Circuit Rule 36-2 provides that "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." Such opinions, however, "are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1645 n.7 (11th Cir. 2007); *see also United States v. Riley*, 706 F. App'x 956, 963–64 (11th Cir. 2017) (persuasively noting that this rule governs how district courts use opinions by the Eleventh Circuit as well). The court is persuaded by the reasoning of the *Leonard* opinion.

(quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)). The question of whether the least sophisticated consumer would be confused by a debt collector's communication is generally one for a jury to answer, but the determination of whether a plaintiff has alleged sufficient facts to state a claim under § 1692g is a legal issue for the court. *Leonard*, 2017 WL 4979160, at *3 (citing *Milkjkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1307 n.11 (11th Cir. 2015)).

The FDCPA requires that a debt collector include in a notice to a debtor "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g. Though the statute defines the term "creditor," *see id.* § 1692a(4), it does not provide any guidance about what suffices in providing "the name of the creditor" to a debtor. Viewing the provision through the eyes of the least sophisticated consumer, the Eleventh Circuit has explained that, "[t]o satisfy § 1692g(a), the debt collector's notice must state the required information clearly enough that the recipient is likely to understand it." *Leonard*, 2017 WL 4979160, at *3 (quoting *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016)). "[T]he notice should be clear enough that a naïve consumer comes away from the notice understanding the 'identity of the creditor.'" *Id.* (citing *Bourff*, 674 F.3d at 1241).

Mr. Lait contends, and the Magistrate Judge found for purposes of MDS's motion to dismiss, that the letter from MDS fails this standard because nowhere in

the letter is "Medical Center Enterprise" explicitly identified as Mr. Lait's creditor. Instead, the letter simply states that "[t]he account(s) indicated below has been placed with our office for collection," and then—below an intervening two paragraphs—lists the account number, facility name ("Medical Center Enterprise"), service date, balance, and patient name related to the specific debt MDS was seeking to collect. (Doc. # 1-1, at 2.) It is only under the heading "Facility Name" that a direct mention of Medical Center Enterprise is given. As Mr. Lait puts it, "[w]hile the name 'Medical Center Enterprise' appears on the letter, nowhere in the letter does [MDS] identify Medical Center Enterprise as the current creditor or identify Medical Center Enterprise as its client." (Doc. # 18, at 6.)

Implicit in Mr. Lait's argument is the contention that strict compliance with the requirement of § 1692g(a)(2) is not enough, because it is uncontested that MDS literally provided "the name of the creditor to whom the debt is owed": Medical Center Enterprise. To some degree, this contention makes sense. Otherwise, a debt collector "could write the letter in Hittite and have a secure defense," *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004), or hide the name in a section of the letter not explicitly related to the request for payment of the debt, *see, e.g.*, *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15-cv-4356(SJF)(ARL), 2016 WL 6069180, at *1 (E.D.N.Y. Oct. 17, 2016). At the same

time, a court must be careful not to take this reasoning too far lest it become divorced from the actual language of the statute. It is that language, after all, that must control—even in the context of the FDCPA. *See Crawford*, 758 F.3d at 1258 (explaining that "[t]o determine whether [defendant's] conduct, as alleged in [plaintiff's] complaint, is prohibited by the FDCPA, [a court] begin[s] 'where all such inquiries must begin: with the language of the statute itself.'" (quoting *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012)).

Notably, unlike the provisions of the FDCPA to which the least-sophisticated-consumer standard has long applied, § 1692g seems to contain a relatively straightforward prescription in its enumerated and exhaustive list of requirements with which a debt collector must comply in its communications with consumers. By comparison, § 1692e prohibits "claims of false, deceptive, or misleading representations," and follows this prohibition with a non-exhaustive list of examples that violate the law. Confronting the question of what, exactly, counts as a "false, deceptive, or misleading representation," the Eleventh Circuit traced the history of consumer protection provisions and adopted the least-sophisticated-consumer standard from applications of the Federal Trade Commission Act's prohibition of "unfair or deceptive acts or practices." *See Jeter*, 760 F.2d at 1172–73. Accordingly, the query to determine the contours of § 1692e is to ask: Would a representation be "false, deceptive, or misleading" to the least sophisticated

consumer? *See id.*; *see also LeBlanc*, 601 F.3d at 1201 (adopting the *Jeter* standard for claims under § 1692f, which prohibits a debt collector from "using unfair or unconscionable means to collect or attempt to collect any debt").

To be sure, the standard here is the same, but the language of the statute grounds the query to something more concrete: Would the least sophisticated consumer find the name of the creditor to whom the debt is owed in the letter MDS mailed Mr. Lait? Simply put, the court does not find it plausible that the answer could be "no." Although the letter did not come right out and say "the name of the creditor to whom the debt is owed is Medical Center Enterprise," it expressly noted that the letter "is an attempt to collect a debt," identified Medical Revenue Service as the collection agency/debt collector, explained that the account indicated below the text was placed with the agency for collection, and then listed Medical Center Enterprise as the "Facility Name" that corresponded to the delinquent account. It is hard to imagine to whom the least sophisticated consumer would think he owes money if not Medical Center Enterprise—particularly since it was the consumer himself who personally incurred the medical debt at Medical Center Enterprise (the name of the hospital) and whose name was listed on that account. The least sophisticated consumer does not start each day anew with no memory of the last; instead, he has a "reasonable knowledge of h[is] account's history." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 646 (7th Cir. 2009).

The Eleventh Circuit recently underscored this very point in an unpublished opinion applying the FDCPA's least-sophisticated-consumer standard to a claim under an analogous state law that prohibited debt collectors from "[c]laim[ing], attempt[ing], or threaten[ing] to enforce a debt when such person knows that the debt is not legitimate, or assert[ing] the existence of some other legal right when such person knows that the right does not exist." *Helman v. Bank of Am.*, 685 F. App'x 723, 726–27 (11th Cir. 2017) (quoting Fla. Stat. § 559.72(9)). The court took pains to explain that a notice sent by a collector is not to be read in isolation and that the least sophisticated consumer brings her prior knowledge with her when reading debt communications:

> The least sophisticated consumer in [plaintiff's] position necessarily would have had at least the following knowledge: that she had been through the bankruptcy process and received a discharge; that she had no personal liability on the home mortgage; and that the debt had been discharged but that the bank could still enforce its mortgage. [Plaintiff] was receiving this information every month in the form of the home mortgage statement. Thus, in order to believe that she was personally liable for these debts, [plaintiff] would have had to conclude not only that the language of the home equity statement did not apply to her since she was no longer "currently a debtor in bankruptcy," but that everything else she had been told no longer applied to her either. Such a conclusion—that a single potentially ambiguous communication would override a series of clear and unambiguous communications to the contrary—is exactly the type of "bizarre or idiosyncratic interpretation of collection notices" to which we have refused to give protection even under the least sophisticated consumer standard.

*Id.* at 723–29 (quoting *LeBlanc*, 601 F.3d at 1194). While the least sophisticated consumer might not understand anything about the inner workings of debt collection, she is expected to have some recollection of past events related to her debt. She "isn't a dimwit." *Wahl*, 556 F.3d at 645.

Mr. Lait argues that the letter he received would confuse the least sophisticated consumer because it notified him that he could request the name and address of the original creditor, if it was different from the current creditor. (Doc. # 18, at 1–2.) "[I]f the original creditor was still the current creditor," Mr. Lait reasons, "this verbiage would have been omitted from the letter." (Doc. # 18, at 7.) But while this language is not required in such a situation, *see Shimek v. Weissman, Nowack, Curry & Wilco, P.C.*, 323 F. Supp. 2d 1344, 1348 (N.D. Ga. 2003), it would hardly be fair to deem it confusing because it comes straight from the statutory language of § 1692g(a)(5). *See Islam v. Credit Control, LLC*, No. 16-cv-6883, 2017 WL 2788938, at *2 (E.D.N.Y. June 27, 2017) ("Clearly, the added notice [of § 1692g(a)(5)] claimed to be offensive was not required in this case, but neither was it forbidden.").

Mr. Lait also contends that the MDS letter is similar to those in other cases in which courts have found plausible claims of FDCPA violations. (*See* Doc. # 18, at 3–4; Doc. # 12, at 5–8.) Indeed, both parties spend much of their briefing analogizing and distinguishing district court cases from across the country, so two

observations about those cases may be made at the outset. First, neither party has presented a case that precisely mirrors this one. And second, none of the cases is binding on the court. They are helpful to the extent they are persuasive, but not all of them are persuasive as to the facts of *this* case.

The three cases on which Mr. Lait most relies are *Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482 (E.D.N.Y. 2013), *McGinty v. Professional Claims Bureau*, No. 15-cv-4356(SJF)(ARL), 2016 WL 6069180 (E.D.N.Y. Oct. 17, 2016), and *Datiz v. International Recovery Associates, Inc.*, No. 15-cv-3549(ADS)(AKT), 2016 WL 4148330 (E.D.N.Y. Aug. 4, 2016). In *Lee*, a collection letter was sent to plaintiffs that identified the creditor simply by a line that read "Re: NCOP XI, LLC A/P/O CAPITAL ONE." 926 F. Supp. 2d at 485. In *McGinty*, the letter contained a caption in the upper right-hand corner: "Re: ST CATHERINE OF SIENNA," followed by the patient name and service date. 2016 WL 6069180, at *1. And in *Datiz*, the letter also contained a line near the top: "Re: John T. Mather Hospital, Balance Due: $636.15." 2016 WL 4148330, at *1. In all three cases, the district courts found that the least reasonable consumer could be confused about the name of the creditor and that the plaintiffs had stated a plausible claim for relief to survive Rule 12(b)(6) or Rule 12(c) dismissal. *Id.* at *12; *Lee*, 926 F. Supp. 2d at 487–88; *McGinty*, 2016 WL 6069180, at *5.

MDS points out that these cases have not been uniformly accepted and that other courts have held contrariwise in similar circumstances. (Doc. # 19, at 12.) So they have. *See, e.g.*, *Macelus v. Capital Collection Serv.*, No. 17-cv-2025(RBK/JS), 2017 WL 5157389, at * 3 (D.N.J. Nov. 7, 2017) ("We are at pains to understand how even the 'least sophisticated' of consumers—consumers definitionally being persons who pay bills (i.e., 'consume') at least occasionally—would fail to identify that a bill was being collected on by the *Datiz* or *McGinty* letters and that that bill related to the creditor identified by 're.'"); *Santinabez v. Nat'l Credit Systems, Inc.*, No. 6:16-cv-00081-AA, 2017 WL 126111, at *3 (D. Ore. Jan. 12, 2017) (granting summary judgment to defendant where letter's "subject line contains a single name (EMC's) and a single account number . . . strongly suggest[ing] EMC is the creditor").

Ultimately, the court need not weigh in on this dispute because the facts of this case are distinguishable. In contrast to the letters in *Lee*, *McGinty*, or *Datiz*, the MDS letter Mr. Lait received contained the creditor identification line *after* the introduction by the debt collector, *after* the indication by MDS that "[t]he account(s) indicated below has been placed with our office for collection," and *after* the notice in bold that "[t]his communication is from a debt collector." (Doc. # 1-1, at 2.) Thus, the identity of the only other entity in play—Medical Revenue Service—was already made very clear by the time the consumer reached

the line regarding the debt at Medical Center Enterprise. And though the MDS letter does not list the creditor's name as many times as in similar cases where courts have held that context "implicitly mak[es] clear" the name of the creditor, the court nevertheless finds that holding persuasive here. *Talyor v. MRS BPO, LLC*,[3] No. 2:17-cv-01733(ARR)(RER), 2017 WL 2861785, at *3 (noting that it is the "context that makes clear" the name of the creditor (internal quotation marks, alteration, and citation omitted)); *see Goldstein v. Diversified Adjustment Serv., Inc.*, No. 17-cv-04729(BMC), 2017 WL 5592683, at *2 (E.D.N.Y. Nov. 20, 2017) ("Reading defendant's letter *as a whole* compels the conclusion that plaintiff was on notice that she owed money to [the creditor]." (emphasis added)); *Hammett v. AllianceOnce Receivables Mgmt., Inc.*, No. 11-cv-3172, 2011 WL 3819848, at *4 (E.D. Pa. Aug. 30, 2011) ("[I]mmediately following Defendant's identification of its client as PNC Bank, the Letter stated '[y]our account has been referred to our office for Collections.' This language indicated that Defendant was acting as an agent for PNC Bank to collect a debt owed to PNC Bank." (second alteration in original) (citation omitted))).

In sum, the court concludes that, having the background knowledge of the debt incurred at the hospital and reading the MDS letter as a whole, the least sophisticated consumer would understand that Medical Center Enterprise is the

---

[3] *Talyor* appears to be improperly captioned. The plaintiff's surname is "Taylor," but the decision is captioned "Talyor."

name of the creditor referenced in the letter. Mr. Lait's complaint has thus failed to state a claim upon which relief can be granted, and dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is appropriate.

## V. CONCLUSION

Accordingly, it is ORDERED as follows:

1. The Recommendation of the Magistrate Judge (Doc. # 15) is REJECTED; and

2. Defendant's Motion to Dismiss (Doc. # 6) is GRANTED.

A final judgment will be entered separately.

DONE this 21st day of March, 2018.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE