IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL LAIT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:17-CV-378-WKW |
| | ) | [WO] |
| MEDICAL DATA SYSTEMS, | ) | |
| INC., d/b/a MEDICAL | ) | |
| REVENUE SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

Before the court is Plaintiff Michael Lait's timely Rule 59(e) motion, which is styled as a motion for reconsideration. (Doc. # 22.) Although Mr. Lait has indeed pointed out mistakes in the court's memorandum opinion and order (Doc. # 20) — and the court will correct those mistakes pursuant to Federal Rule of Civil Procedure 60(a) — the relief Mr. Lait seeks is nevertheless inappropriate, and his motion will be denied.

On March 21, 2018, the court dismissed Mr. Lait's claims for failure to state a claim upon which relief could be granted. (Doc. # 21.) In the corresponding memorandum opinion and order, the court wrote that "[t]he parties agree that, under the FDCPA, 15 U.S.C. §§ 1692a *et seq.*, and in relation to each other, Mr.

Lait is a 'consumer,' MDS (also known as 'Medical Revenue Service') is a 'debt collector,' and Medical Center Enterprise is a 'creditor.'" (Doc. # 20, at 4.) This was wrong. In fact, Mr. Lait disputed that Medical Center Enterprise is a creditor, or at least that it is *his* creditor. (*See* Doc. # 11, at 10 ("Plaintiff's complaint does not allege who Plaintiff's current creditor is, and Defendant's letter does not state who the current creditor is. As a result, this court may not assume that 'Medical Center Enterprise' is Plaintiff's current creditor.").)

While the court regrets the mistake, the error was harmless. At issue is not whether Mr. Lait personally disputes that Medical Center Enterprise is the creditor of his medical debt. Instead, it is whether Mr. Lait alleged in his complaint sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To do that, Mr. Lait needed to allege facts showing that the least sophisticated consumer — not Mr. Lait — would be confused by the letter from MDS. (Doc. # 20, at 7.) That query calls for an objective standard that does not depend, one way or the other, on whether Mr. Lait concedes or disputes that Medical Center Enterprise is the creditor. Thus, as the court wrote, the central question — and its answer — remains:

> Would the least sophisticated consumer find the name of the creditor to whom the debt is owed in the letter MDS mailed Mr. Lait? Simply put, the court does not find it plausible that the answer could be "no." Although the letter did not come right out and say "the name of the

creditor to whom the debt is owed is Medical Center Enterprise," it expressly noted that the letter "is an attempt to collect a debt," identified Medical Revenue Service as the collection agency/debt collector, explained that the account indicated below the text was placed with the agency for collection, and then listed Medical Center Enterprise as the "Facility Name" that corresponded to the delinquent account. It is hard to imagine to whom the least sophisticated consumer would think he owed money if not Medical Center Enterprise — particularly since it was the consumer himself who personally incurred the medical debt at Medical Center Enterprise (the name of the hospital) and whose name was listed on that account. The least sophisticated consumer does not start each day anew with no memory of the last; instead, he has a "reasonable knowledge of h[is] account's history." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 646 (7th Cir. 2009).

(Doc. # 20 (alterations in original).)

Accordingly, it is ORDERED that Mr. Lait's Motion for Reconsideration (Doc. # 22) is DENIED.

DONE this 26th day of April, 2018.

                                                  /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE